UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXIS M. R. T.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:24-CV-5910-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.　BACKGROUND**

Plaintiff applied for DIB on September 13, 2021. Administrative Record (AR) 24. Her alleged date of disability onset is November 22, 2020. *Id.* Her requested hearing was held before

1  an Administrative Law Judge (ALJ) on July 17, 2023. AR 41–72. On September 26, 2023, the
2  ALJ issued a written decision finding Plaintiff not disabled. AR 21–40. The Appeals Council
3  declined Plaintiff's timely request for review making the ALJ's decision the final agency action
4  subject to judicial review. AR 8–13. On October 30, 2024, Plaintiff filed a Complaint in this
5  Court seeking judicial review of the ALJ's decision. Dkt. 5; *see also* AR 1–3 (Commissioner
6  granting extension of time to file civil action).

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

Plaintiff challenges the ALJ's assessment of the medical opinion of treating physician Michael Wagner, MD. Dkt. 12. Dr. Wagner completed an opinion in July 2022 in which he opined Plaintiff had both mental and physical limitations. *See* AR 722–26. He opined Plaintiff could not sit, stand, or walk more than one hour per day. AR 725. He opined Plaintiff was restricted in squatting, crawling, climbing, lifting, and carrying. *Id.* He opined Plaintiff was unable to perform at a constant pace; maintain attention and concentration; and interact with the public. *Id.* He opined Plaintiff had marked limitations in her abilities to follow rules, perform repetitive work, perform a variety of duties, attain set limits and standards, use judgment, and direct others. *Id.* He indicated these limitations resulted from Plaintiff's symptoms of pain, neuropathy, and fatigue connected to her diagnosis of embryonal rhabdomyosarcoma (uterine cancer). *See* AR 724.

1    For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give
2    any specific evidentiary weight, including controlling weight, to" particular medical opinions,
3    including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).
4    Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's
5    persuasiveness, considering each opinion's "supportability" and "consistency," and, under some
6    circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§
7    404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a
8    medical opinion with relevant evidence, while consistency concerns how a medical opinion is
9    consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§
10   404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

    The ALJ found Dr. Wagner's opinion unpersuasive for the following reasons:

> This opinion was not persuasive as it was not consistent with a majority of the objective medical evidence or the claimant's admitted activities of daily living, such as attending sporting events [AR 738]. In February of 2022, while at UW Medicine, the claimant was alert and fully oriented, and her mood, affect, thought content, and judgment were all described as normal [AR 1014]. In March of 2022, while at New Heights Behavioral Health, the claimant reported she was doing well on her current medications, and she stated that therapy was helpful [AR 967]. The claimant was negative for delusions and hallucinations, but she had some circumstantial thinking [AR 968]. The claimant's judgment and insight were described as good [AR 968]. This opinion was also internally supported by the inclusions of findings from the record, such as fatigue and neuropathy in hands and feet [AR 725].

AR 34.

    The ALJ's rationale did not provide a proper basis for finding Dr. Wagner's opined physical limitations unpersuasive. The only potential identified basis for rejecting Dr. Wagner's physical limitations was the mention of Plaintiff attending a football game. The ALJ might reasonably find this inconsistent with Dr. Wagner's opined sitting limitation,[1] since the ALJ

---
[1] Plaintiff argues the ALJ could not rely upon her attendance at the game because there is no evidence in the record she attended it (Dkt. 12 at 6–7), but there was evidence she planned on doing so (AR 738) and it is a reasonable to

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

could reasonably assume Plaintiff would have spent more than one hour sitting at a football game. However, by itself, attendance at a single football game is not substantial evidence for rejecting that single limitation, as it was a one-time occasion in which Plaintiff engaged in sitting for more than one hour. It does not have any apparent bearing upon Dr. Wagner's limitations in standing, walking, lifting, or squatting throughout the workday, so it does not serve as a proper basis for rejecting the remaining physical limitations described.

Defendant urges the Court to look to the ALJ's discussion of the medical evidence for an explanation as to why Dr. Wagner's opinion was rejected. Dkt. 14 at 4. True, the Court "look[s] to the entire record" and "the ALJ's full explanation." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). And the Court may (in some circumstances) affirm if the ALJ considered evidence duplicative of Dr. Wagner's opinion and provided an explanation for rejecting that evidence which also applied to Dr. Wagner's opinion. *Cf. Molina v. Astrue*, 674 F.3d 1104, 1116–22 (9th Cir. 2012) (failing to articulate rationale for rejecting lay evidence harmless where lay evidence duplicative of properly-rejected evidence and rationale for rejecting that evidence applies); *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (Court can find failure to discuss medical opinion harmless).

Here, however, the remainder of the ALJ's decision does not explain why physical limitations like those opined by Dr. Wagner were rejected. The only portion of Plaintiff's testimony the ALJ considered which was relevant to her potential limitations in standing,

---

infer from this (with nothing in the record indicating otherwise) that she attended. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Second, she argues the football game "hardly qualifies as a daily activity" (Dkt. 12 at 6) but there is no requirement the ALJ rely only upon activities which are done daily in his consistency analysis. *See* 20 C.F.R. § 404.1520c(c)(2). Rather, the ALJ evaluates the extent to which an opinion is inconsistent with the evidence in the record. *Id.* A one-time activity is certainly evidence in the record which can be considered in such an analysis.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

walking, or sitting was her allegation that "she can only walk for five to ten minutes before needing to stop and rest." *See* AR 30. This is a different walking limitation than Dr. Wagner opined—he opined Plaintiff could walk one hour throughout the workday, while Plaintiff's statement is a description of how long she could walk at one time. *See id.*; AR 725. And the ALJ did not address any testimony related to Plaintiff's sitting or standing. *See* AR 30. The Court therefore cannot impute the ALJ's discussion of Plaintiff's testimony to Dr. Wagner's opinion without generating inconsistencies not found by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts.").

Similarly, although the ALJ found persuasive the opinions of two state agency consultants who opined Plaintiff was less limited than Dr. Wagner opined, the ALJ's explanation for doing cannot be reasonably applied as a rationale for finding Dr. Wagner's opinion unpersuasive. *See* AR 33. The ALJ identified some evidence consistent with the consultants' findings. *See id.* But a consistency with one limitation does not imply an inconsistency with another. There is no rationale given which would explain why the ALJ found the consultants' opined limitations better supported or more consistent than those of Dr. Wagner. *See id.*

On the other hand, the ALJ properly found at least some of Dr. Wagner's opined mental limitations unpersuasive. In particular, the ALJ reasonably found Dr. Wagner's opined limitations in judgment and direction inconsistent with normal findings in judgment, thought content, and insight. Plaintiff contends the ALJ's description of the medical evidence was "cherry-picked." Dkt. 12 at 7. But she points to no evidence in the records contrary to the findings identified, failing to demonstrate that the evidence discussed was not representative of the evidence of record. *See id.*; *cf. Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (ALJ "obviously must rely on examples," but errs where data points do not "constitute examples of a

broader development"). Indeed, all or nearly all the mental status examinations in the record revealed normal or nearly-normal results in judgment, thought content, insight, and affect. *See, e.g.*, AR 632, 640, 1000, 1014, 1018, 1038, 1044.[2]

However, it is not clear how Dr. Wagner's opined limitations in following rules, performing repetitive work, setting limits, and directing others were inconsistent with the referenced medical evidence or with Plaintiff's improvement in treatment.[3] The ALJ did not explain, nor can the Court discern, why the evidence described was inconsistent with such pace- and workload-related limitations.

Plaintiff's statement that she was "doing well" on psychiatric medications (AR 967) is similarly not inconsistent with Dr. Wagner's opined mental limitations. The statement was in the context of a mental health appointment related to her bipolar disorder. *See id.* It does not appear to reflect that her psychiatric medications had helped in resolving her symptoms of pain, neuropathy, and fatigue, on which Dr. Wagner's opined limitations were based. *See* AR 724, 967.

In sum, the ALJ failed to provide an adequate rationale for rejecting the physical limitations and some of the mental limitations opined by Dr. Wagner. Because the ALJ offered no proper explanation for his rejection of most of Dr. Wagner's opinion, the Court cannot say the ALJ's rationale for rejecting the medical opinion was supported by substantial evidence.[4]

---

[2] Plaintiff also argues the medical evidence identified by the ALJ was not substantial evidence for rejecting Dr. Wagner's opinion because it came from appointments unrelated to Plaintiff's mental health (Dkt. 12 at 7–8), but such evidence can still properly be relied upon in assessing a claimant's mental limitations. *Cf. Sprague v. Bowen*, 812 F.3d 1226, 1232 (9th Cir. 1987) (finding primary care physician competent to provide opinion on a claimant's mental health because "it is well established" such physicians "identify and treat the majority of Americans' psychiatric disorders" and because he provided "clinical observations of [the claimant's] depression").

[3] The Court does not consider whether the evidence discussed is inconsistent with any of the other mental limitations opined.

[4] Although the ALJ need not articulate how he considered each functional limitation opined by a medical source, *see* 20 C.F.R. § 404.1520c(b)(1), the ALJ's rationale for rejecting an opinion must still be supported by substantial

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

Because Defendant does not contend such an error is harmless, the Court reverses. *See* Dkt. 14; *Ferguson v. O'Malley*, 95 F.4th 1195, 1204 (9th Cir. 2024) ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment …").

### IV. CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 9th day of May, 2025.

David W. Christel
United States Magistrate Judge

---

evidence, 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792. That is, the ALJ's finding must still be supported by "such relevant evidence as a reasonable mind might accept as adequate to support" the conclusion that the opinion was unpersuasive. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).